684

(February 4, 1964)

Intermediate Factors Corp., Respondent, v. Shelton Towers Corporation et al., Defendants, and Shelton Building Co., Appellant.

*Per Curiam.* Appellant, Shelton Building Co., appeals from a judgment entered against it on February 15, 1963, in the sum of $37,137.25, after a non-jury trial. Appellant appeals also from an order entered March 26, 1963, denying its motion for a new trial on the ground of newly discovered evidence.

This action by plaintiff-respondent Intermediate Factors Corp. (herein Factors) was to impose a vendee's lien and to recover a deposit in the sum of $30,000 paid under a contract to purchase a leasehold.

February 21, 1959, by written agreement between Factors and Shelton Towers (herein Towers), Factors agreed to purchase from Towers a sublease (and the leasehold created thereby) dated June 12, 1957, by and between Shelton Building Co. as lessor, and Shelton Towers Associates as lessee. The agreement and the sublease referred to premises 523–537 Lexington Avenue, known as the Shelton Towers Hotel. Under the terms of the sublease of 1957 it was provided that the demised premises should not "be further subleased

or sublet without the written consent of the Lessor first had and obtained, which consent shall not be unreasonably withheld." The contract of purchase between Factors and Towers expressly referred to and recognized that provision, and further provided if such consent could not be obtained the deposit would be returned. Thereafter, on February 25 plaintiff met with Towers and representatives of appellant. After that meeting respondent gave a certified check for $30,000 in exchange for the uncertified check which had been given on February 21. Respondent claimed that the certified check was given as a result of the conference. This of course was disputed and it was pointed out that a promise to give a certified check had been made on February 21 between Factors and Towers.

When the consent of Shelton Building Co. was not obtained and the money not returned to Factors, it brought suit, joining appellant as a codefendant with Shelton Towers Corporation and Shelton Towers Associates. The theory of Factors' cause of action against appellant was that it received the $30,000 as a deposit on the contract, and agreed to hold such sum for the use of Factors in the event it did not consent to the sale of the sublease, and in such event to return same to Factors. The trial court granted judgment to Factors on the theory that Towers was merely a conduit for the money which passed into appellant's hands with full knowledge of the negotiations and the need for appellant's written consent, and appellant continued to have Factors' money applied to Towers' debt for rental arrears. We do not agree.

There is no evidence in the record to support the conclusion that the deposit was paid to appellant. Additionally there was no consideration for any alleged promise by appellant, for Factors did no more than it was already legally obligated to do under its contract with Towers. Nor is there any credible evidence that appellant made a promise as an inducement to Factors and Towers not to change or abandon the agreement. In fact the president of Towers testified they were ready at all times to perform and testified if Factors had " come up with the money I think we would have gotten the consent of the landlord." (Towers has not appealed from the judgment against it.)

The judgment appealed from should be reversed on the law and the facts, and judgment directed for appellant, with costs.

In light of our disposition of the judgment appeal, the appeal from the order denying a new trial should be dismissed as academic, without costs to either party.

Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ., concur.

Judgment unanimously reversed on the law and on the facts, and judgment directed for appellant, with costs. The appeal from the order entered on March 26, 1963 is dismissed, as academic, without costs.